**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| CARLOS DAVID SORIANO-ENRIQUEZ, | ) | |
| | ) | |
| Petitioner, | ) | **MEMORANDUM OPINION** |
| | ) | **AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | 1:10CV419 |
| | ) | 1:07CR136-4 |
| Respondent. | ) | |

Petitioner Carlos David Soriano-Enriquez, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 121).[1] Petitioner was indicted on, and later pled guilty to, one charge of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and one count of possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (docket nos. 1, 60, 61). Three additional counts of distribution of methamphetamine were dismissed as part of the plea agreement (docket no. 61). Petitioner was later sentenced to 120-months imprisonment on the conspiracy charge and a consecutive 60-months imprisonment on the firearm charge under Section 924(c) (docket no. 96). Although he did file a direct appeal, Petitioner's sentence and conviction were affirmed (docket nos. 114, 115). He then filed the present motion under Section 2255. Respondent has filed a response to

---

[1] This and all further cites to the record are to the criminal case.

the motion (docket no. 125), Petitioner has filed a reply (docket no. 128), and the Section 2255 motion is now before the court for a decision.

## **DISCUSSION**

Petitioner raised only a single claim for relief in his 2255 motion. He claims that he was erroneously sentenced because his sentence on the firearm charge should not have been consecutive to his sentence on the conspiracy charge. He bases this claim on cases from the Second and Sixth Circuit Courts of Appeals. *United States v. Almany*, 598 F.3d 238, 241 (6th Cir. 2010), *pet. for cert. filed*, No. 09-1497, 78 USLW 3745 (Jun. 8, 2010); *United States v. Williams*, 558 F.3d 166, (2$^{d}$ Cir. 2009), *pet. for cert. filed*, No. 09-466, 78 USLW 3254 (Oct 20, 2009); *United States v. Whitley*, 529 F.3d 150 (2$^{d}$ Cir. 2008). As Respondent noted in its response, these cases are contrary to binding Fourth Circuit precedent. *See United States v. Studifin*, 240 F.3d 415 (4th Cir.2001). Nevertheless, in his reply brief, Petitioner noted that the United States Supreme Court had granted certiorari in two cases addressing the issue. He asked that the court wait to rule on his motion until after the Supreme Court ruled on the merits of the other cases and resolved the split among the lower courts. Unfortunately for Petitioner, the Supreme Court has now ruled and it has ruled against him on the issue. *Abbott v. United States*, ___ S. Ct. ___, 2010 WL 4569898, (Nov. 15, 2010). In a unanimous decision, it held that sentences under Section 924 are to be consecutive in cases such as Petitioner's. The decision cited *Studefin* with approval and abrogated *Almany* and *Williams*. This

thoroughly defeats Petitioner's only claim for relief and his 2255 motion should be denied.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside or correct sentence (docket no. 121) be **DENIED** and that Judgment be entered dismissing this action.

                                                                            _____
                                                                            Wallace W. Dixon
                                                                            United States Magistrate Judge

Durham, N.C.
November 18, 2010